PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FUNCTIONAL PATHWAYS OF TENNESSEE, LLC, | ) ) ) | CASE NO. 4:12cv3122 |
| Plaintiff, | ) ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) ) | |
| LFMC MANAGEMENT COMPANY LTD, | ) ) ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** [Regarding ECF No. 8] |

This matter is before the Court upon the Motion for Default Judgment against Defendant LFMC Management Company, Ltd. *d/b/a* Imperial Skilled Care Center and/or Imperial Skilled Nursing and Rehabilitation filed by Plaintiff Functional Pathways of Tennessee, LLC on February 4, 2013. ECF No. 8. For the reasons expressed below, the Court grants Plaintiff's Motion.

I.

Plaintiff filed a Complaint on December 28, 2012, alleging claims of breach of contract and *quantum meruit*. ECF No. 1. Service was executed on January 7, 2013. ECF No. 5. Defendant did not answer or otherwise respond, and on February 1, 2013, Plaintiff filed an Application to Clerk for Entry of Default against Defendant. ECF No. 6. The Clerk entered default on February 2, 2013, and a copy of the same was mailed to Defendant. ECF No. 7. In its Motion for Default Judgment, Plaintiff requests judgment on all counts and damages in the amount of $232,220.70.

II.

(4:12cv3122)

After a default has been entered pursuant to Fed. R. Civ. Pro. 55(a), the party seeking relief from a defaulting party may apply for default judgment pursuant to Rule 55(b). *HICA Educational Loan Corp. v. Jones*, 2012 WL 3579690, at *1 (N.D. Ohio 2012). A default upon well-pleaded allegations establishes defendant's liability, but plaintiff bears the burden of establishing damages. *Id.* (citing *Flynn v. People's Choice Home Loans, Inc.*, 440 Fed. App'x. 452, 457 (6th Cir.2011) ( citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir.1995)). In order to enter default judgment, the Court must determine the amount of damages. *HICA*, 2012 WL 3579690, at *1. The Court may determine the amount of damages by affidavit and/or other documentary evidence. *Id*. An evidentiary hearing is not required by Rule 55(b) if the amount of damages can be determined by computation from the record before the Court. *Id*.

III.

Plaintiff seeks damages for unpaid invoices and interest in the amount of $212,560.43, plus any additional interest accruing to date of judgment, as per the parties' Therapy Services Agreements. ECF No. 8 at 1. The Therapy Service Agreements entered into by the parties provide for interest to accrue on outstanding invoices at the rate of 1.5% per month. ECF No. 1-3 at 7. Plaintiff submitted the Therapy Service Agreements with its Complaint. ECF Nos. 1-2; 1-3.

Plaintiff submitted an affidavit in support of its motion for default, along with an accounting of the outstanding invoice amount owed to Plaintiff from Defendant. ECF No. 8-1 at 1-3. To date, the total amount owed by Defendant to Plaintiff, including interest at 1.5% per

2

(4:12cv3122)

month, is $232,220.70.  ECF No. 8-1 at 2.

Additionally, Plaintiff submitted proof that Defendant's statutory agent had resigned, thereby rendering service at the place of business proper.  ECF Nos. 1-1 at 2-6; 5.

IV.

Based upon the foregoing, the Court grants Plaintiff's Motion for Default Judgment (ECF No. 8) against Defendant LFMC Management Company, Ltd. *d/b/a* Imperial Skilled Care Center and/or Imperial Skilled Nursing and Rehabilitation in the amount of $232,220.70.

IT IS SO ORDERED.

 February 20, 2013   */s/ Benita Y. Pearson*
Date                  Benita Y. Pearson
                      United States District Judge